# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

JUL 05 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

| | |
|---|---|
| ROLAND E. BASKETTE,<br><br>       *Plaintiff,*<br><br>v.<br><br>COMMONWEALTH ATTORNEY OF BUCKINGHAM COUNTY, ET AL.,<br><br>       *Defendants.* | CIVIL ACTION NO. 6:05-CV-00008<br><br><br>MEMORANDUM OPINION<br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendants' Motion to Dismiss, filed May 4, 2005. *Pro se* Plaintiff Ronald E. Baskette ("Baskette") filed a response in opposition on May 25, 2005. A hearing was scheduled in connection with this motion has been scheduled for July 6, 2005. Upon review of the briefs, the Court has determined that a hearing is unnecessary and the matter can be determined from the briefs alone. Because it is clear from the face of the complaint and its accompanying material that this Court lacks subject matter jurisdiction over this matter, Defendants' motion to dismiss shall be granted.

Baskette filed this action on March 16, 2005 against defendants Buckingham County Commonwealth's Attorney E. M. Wright ("Wright") and City of Lynchburg Commonwealth's

1

Attorney William G. Petty ("Petty"). The complaint alleges that "[b]oth Defendants are elected office holder [sic] as Commonwealth Attorneys. Both of whom swore a oath [sic] of office to defend the Constitution and the laws in and for the State of Virginia, all of which are to protect citizens and residents, in the Common-wealth of Virginia."

First, the Complaint alleges that Baskette traveled to the Buckingham County Attorney's office and informed Wright that the crime of perjury had been committed against him and the State of Virginia in a Circuit Court in the County of Buckingham.[1] After several months delay by Wright and five visits by Baskette, Wright allegedly informed Baskette that he needed to present the matter in Circuit Court, and then he prepared documents on behalf of Baskette, which Baskette filed. The Complaint alleges that at a hearing at the Buckingham County Circuit Court, the judge informed Baskette that the case was a matter for the criminal courts and ordered Baskette to pay the attorney's fees of the defendants, amounting to $795.00. The Complaint alleges that Baskette then returned to Wright, who directed Baskette to the Lynchburg Commonwealth Attorney's Office because the alleged crime had been crime was committed in Lynchburg. The Complaint alleges that although Wright had promised to set up an appointment

---

[1] Baskette's "Supplement to Record," which he attached to the Complaint, provides documents indicating the circumstances of the alleged perjury. Lynchburg attorney Sidney H. Kirstein had represented Baskette in a medical malpractice case involving Baskette's wife. Kirstein withdrew or was terminated from that case, whereupon Baskette filed a lawsuit against Kirstein and another defendant in Buckingham County Circuit Court. Baskette appears to contend that in filing an affidavit to change venue in that lawsuit, Kirstein committed perjury regarding the issue of whether he in fact traveled to Buckingham County.

The court may consider such supplemental documents on a motion to dismiss when they are referenced in the complaint without converting the motion to a motion for summary judgment. *Gansner v. Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995) (noting that a court may consider on a motion to dismiss, without converting it to one of summary judgment, not only documents attached to the complaint but also documents quoted, relied upon, or incorporated by reference in the complaint, as well as public records).

2

there, he never did.

Next, the Complaint alleges that Baskette went to visit the Lynchburg Commonwealth Attorney's Office on his own, but that when Baskette presented his information to a woman there, she informed him that he needed to contact the Virginia Bar. The complaint then alleges that after Baskette's insistence, an attorney briefly spoke to him, asked irrelevant questions, took down some notes, and promised to contact him. The Complaint alleges that after some correspondence with this attorney, the attorney's supervisor, Petty, sent Baskette a letter informing him that he was closing the matter, and directing Baskette to contact the Virginia Bar.

In light of these allegations, the Complaint concludes that "[b]oth defendants listed in this case, failed the rules of law, both state and federal laws which cover perjury." Accordingly, the Complaint requests "that this Court grant me 100,000 dollars in damages to me. In there [sic] failure to enforce the law as written."

Federal courts have subject matter jurisdiction only over matters authorized by the Constitution and Congress. *Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986), *reh'g denied* 476 U.S. 1132 (1986). A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction. *See* Fed. R. Civ. P. 8. *See also Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) ("The plaintiff has the burden of proving that subject matter jurisdiction exists."). Therefore, it is Baskette's obligation to establish that this Court has jurisdiction to adjudicate his claims.

Here, the Complaint cannot establish that federal subject matter jurisdiction exists. First, the Complaint does not demonstrate that a federal question exists. The complaint states that "this

3

case was filed in this federal court, because there are constitution issues involved in this case. Perjury strikes at the very foundation of our court system." Nevertheless, as Defendants correctly point out, vague references to federal law or to the Constitution in a complaint are not sufficient to invoke federal question jurisdiction. For federal question jurisdiction to exist, the cause of action must arise directly under the Constitution or a federal law, and the federal question must be substantial and not frivolous. As the Supreme Court has stated:

> This Court has repeatedly held that, in order for a claim to arise "under the Constitution, laws, or treaties of the United States," "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the Plaintiff's cause of action." . . . . The federal questions must be disclosed on the face of the complaint, unaided by the answer."

*Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127–28 (1974) (quoting *Gully v. First National Bank*, 299 U.S. 109, 112–13 (1936) (internal citations omitted). Moreover, Defendants also correctly note that this very Court has stressed that before federal question jurisdiction is proper, the record must make clear that the federal question alleged is really and substantially involved in the case:

> We have repeatedly held that "when a suit does not really and substantially invoke a dispute or controversy as to the effect or construction of the Constitution or laws of the United States, upon the determination of which the result depends, it is not a suit arising under the Constitution or laws. And it must appear on the record, by a statement in legal or logical form, such as is required in good pleadings, that the suit si one which does really and substantially involve a dispute or controversy as to a right which depends on the construction fo the Constitution or some law or treaty of the Untied States, before jurisdiction can be maintained on this ground."

*Poindexter v. Bd. of Supervisors*, 177 F. Supp. 852, 854–55 (W.D. Va. 1959) (*quoting Doby v. Brown*, 232 F.2d 504, 506 (4th Cir. 1956) (citations omitted), *cert. denied*, 352 U.S. 837).

The Court recognizes Baskette's *pro se* status, and accordingly grants him latitude in the formulation of his complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986) (noting that a court should address a *pro se* litigant's "essential grievance"). Even reading the Complaint leniently, however, none of its allegations manage raise a federal question. At it core, the action seeks relief for Defendants' failure to prosecute Baskette's former attorney for perjury. It is well established, however, that there is no constitutional cause of action to have alleged wrongdoers prosecuted, either directly through the United States Constitution or through federal statute. This point is true even if the plaintiff is a victim of the alleged wrongdoer. *See, e.g., Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (there is no constitutional right for a member of the public at large or a victim to have defendants criminally prosecuted); *Nievers-Ramos v. Gonzales-de-Rodriguez*, 737 F. Supp. 727, 728 (D. Puerto Rico 1990) (noting that "there is no cause of action under § 1983 for failure to prosecute a crime where the civil rights complainant alleges that he was the victim, as there appears to be no federal constitutional right to have criminal wrongdoers brought to justice"). For these reasons, Baskette cannot demonstrate the existence of a federal question.

Second, the Complaint cannot establish that subject matter jurisdiction exists due to diversity. The Complaint also suggests Defendants did not perform their jobs properly by failing to communicate with him in a timely manner and by giving him incorrect advice regarding the nature of his claim. To the extent that the Complaint is alleging negligence on the part of Defendants for mishandling his requests for assistance, the Complaint is asserting a state law

5

claim that can only be brought in federal court pursuant to diversity jurisdiction.[2] In a diversity action, "the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed." *Chemical Leaman Tank Lines, Inc. v. Aetna Cas. and Sur. Co.*, 177 F.3d 210, 222 n.13 (3d Cir.1999) (citations omitted). *See also* 13 Fed. Prac. & Proc. Juris. § 3522 at 62–63 (2d ed. 1984) ("The presumption is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. Thus, the facts showing the existence of jurisdiction must be affirmatively alleged in the complaint."); 15 Moore's Federal Practice §102.31 ("A plaintiff who seeks to invoke diversity jurisdiction of the federal courts must plead citizenship distinctly and affirmatively."). Although Baskette has not specifically plead the citizenships of the parties, it is clear from the complaint and its accompanying material that all parties are residents of central Virginia. For this reason, diversity also is not a proper basis for federal subject matter jurisdiction.

For the foregoing reasons, this Court lacks subject matter over the action and it must be dismissed. In light of this fact, the Court does not address Plaintiff's pending motion, styled as one for summary judgment, essentially requesting a default judgment for Defendants' alleged failure to answer the Complaint. Further, the Court does not address Defendants' claims that Baskette has failed to state a claim and that Defendants are entitled to absolute or qualified immunity.

---

[2] Negligent conduct does not establish a federal constitutional violation. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) (ruling that the negligent act of an official was insufficient to implicate the Due Process Clause).

6

This matter shall be dismissed by appropriate Order.

ENTERED: /s/ Norman K. Moon
U.S. District Judge

Date: July 5, 2005

7